# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

HORNED DORSET PRIMAVERA, INC.

    Debtor.

Case No. 15-3837 (ESL)

Chapter 11

## PUERTO RICO TOURISM COMPANY'S OBJECTION
## TO THE DISCLOSURE STATEMENT

**TO THE HONORABLE COURT:**

COMES NOW, creditor PUERTO RICO TOURISM COMPANY, through the undersigned counsel, and respectfully alleges and prays as follows:

1. On May 22, 2015, Debtor filed a Chapter 11 Bankruptcy Petition. Docket No. 1. On June 2, 2015, the Puerto Rico Tourism Company filed its proof of claim for the amount of $1,208,489.47. See Proof of Claim No. 4. The claim filed by the Puerto Rico Tourism Company is for room taxes ($886,202.47), interests ($226,971.00) and surcharges ($95,316.00) owed by Debtor. POC No. 4. On February 24, 2016, Debtor filed its Disclosure Statement (Docket No. 142) and proposed Plan of Reorganization (Docket No. 143). On March 1, 2016, the Honorable Court issued an order setting a hearing to rule on the adequacy of the disclosure statement for May 17, 2016 and instructing all parties of interest to file any objections to the disclosure statement by May 3, 2016. Docket No. 146. For the reasons stated herein, the Puerto Rico Tourism Company objects to the approval of the Disclosure Statement.

2. The Disclosure Statement filed by the Debtor includes only $237,211.00 of the Puerto Rico Tourism Company's claim as a priority tax claim to be paid in full no later than 5 fives after the order of relief. See Docket No. 142 at 16; Docket No. 142-1 at 4-5; Docket No. 142-4. The Debtor has not objected to the Proof of Claim filed by the Puerto Rico Tourism Company asserting a priority claim in the amount of $1,208,489.47 (Proof of Claim No. 4). Further, although it claims that certain portion of the Puerto Rico Tourism Company's claim is not entitled to priority and is, therefore, entitled payment as an unsecured claim, the Debtor does not include that portion of the Puerto Rico Tourism Company's claim in its unsecured claims payment schedule. See Docket No. 142-4. Although the Puerto Rico Tourism Company agrees with the treatment that will be given to its priority claim in the proposed plan of reorganization, the Puerto Rico Tourism Company's claim of $1,113,173.47 (on account of the principal and accrued interests) are entitled to priority status and $95,316.00 (on account of surcharges) are entitled to payment as a general unsecured claim under the plan.

3. Section 507(a)(8)(C) of the Bankruptcy Code provides that: "[t]he following expenses and claims have priority in the following order: […] (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—[…] (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). Claims commonly referred to as "trust fund taxes", such as the room tax and interests at issue here, fall under this section.

Trust fund taxes exist when: (1) the claim is held by a government entity, (2) the claim is for tax, (3) the tax is owed by a party other than the debtor, (4) the tax must be collected or withheld from that party and transmitted to the government unit, and (5) the debtor is liable for payment of the tax in some capacity. In re Kogut, 325 B.R. 400, 404-405 (Bkrtcy. W.D. Ark. 2005); 4 Collier on Bankruptcy at §507.11[4][a] (16th ed. 2014). Recognized trust fund taxes include taxes the

debtor is required to withhold from employees, such as income taxes and social security taxes, as well as sales taxes the debtor collects from a third party, such as the room occupancy tax at issue. Id. (sales taxes collected from costumers by a merchant upon the sale of goods or services are the kind of tax described in 11 USC 507(a)(8)(C) entitled to priority no matter when they are assessed); In re Mall at One Associates, L.P., 185 B.R. 1009 (Bkrtcy. E.D. Pa. 1995) (business use and occupancy taxes which are to be collected from tenants by landlords as agents for local taxing authority fall squarely within the scope of 507(a)(8)(C) because the only prerequisite is that they be collected by debtor for taxing authority in any manner, notwithstanding that debtor-landlord will be liable for unpaid taxes); In re McDonough. 346 B.R. 492, 496 (Bkrtcy. S.D. Iowa 2006) (string citations omitted) (taxes collected by retailer from the consumer in order to remit the same to the governmental agency is a trust fund tax).

The primary characteristic of these tax claims is that they are owed by a party other than the debtor but must be collected and withheld by the debtor, rather than simply owed by the debtor directly. See In re Thomas, 222 B.R. 742 (Bkrtcy. E.D. Pa. 1998) (the overriding purpose of holding a "responsible person" liable for unremitted trust fund taxes is to ensure an alternate source of payment). Unlike other tax claims, there is no time limitation imposed on the collection of trust fund taxes and the taxes retain their priority status despite serial filings. These trust fund taxes are also non-dischargeable. In re Calabreses, 689 F.3d 312, 320-321 (3d Cir. 2012) (holding that sales taxes collected by debtor, or its corporate form, are subject to priority without time limit under Section 507(a)(8)(C) based on policy considerations); In re Kogut, 325 B.R. 400 (Bkrtcy. W.D. Ark. 2005) (trust fund tax claims are entitled to priority no matter when they become due); In re McDonough. 346 B.R. 492 (Bankr. S.D. Iowa 2006) (trust fund taxes are permanently priority claims and are always excepted from discharge).

The claim filed the Puerto Rico Tourism Company is for unpaid room taxes ($886,202.47), interests ($226,971.00) and surcharges ($95,316.00) owed by Debtor under the provisions of Act Number 272 of September 9, 2003, 13 P.R. Laws Ann. §§ 2271 et seq., known as the "Room Occupancy Rate Tax Act" (herein, "Act 272"). Act 272 provides that any person or corporation operating a hotel is required to collect from each guest a room occupancy tax identified in Section 2271o of the Act 272 and must remit the same to the Puerto Rico Tourism Company. 13 P.R. Laws Ann. § 2271r (a). To this end, Act 272 provides that every hotel operator is obliged to charge guests the room tax, collect the room tax, and remit the same to the Puerto Rico Tourism Company on a monthly basis. Id. at §§ 2271 (14), 2271r (a) and 2271s. See also Compañía de Turismo de Puerto Rico v. Municipio de Vieques, 179 D.P.R. 578, 587 (2010). As stated by the Puerto Rico Supreme Court in Compañía de Turismo de Puerto Rico, the actual taxpayer is the hotel guest and the hotel operator acts as a collection agent on behalf of the Puerto Rico Tourism Company. Id. at 587, 589. Therefore, hotel operators are not only required to collect the room tax from guests and remit the same to the Puerto Rico Tourism Company but, because they are liable for the payment of these taxes, hotel operators are required to post a bond in order to guarantee the payment of the room taxes collected from guest, as well as any additional charges, interests or penalties that may be imposed on the operator for failure to comply with its obligations under Act 272. Id. at § 2271r (b).

Under Act 272, the room tax to be charged by the hotel operators to their guests is calculated by multiplying the room occupancy rate charged by the hotel times the applicable interest rate for the amount of days the guests stays at the hotel. Id. at §§ 2271(8), 2271o. See also Compañía de Turismo de Puerto Rico, 179 D.P.R. at 586. The tax is to be paid by the guest at the time of paying the hotel operator for the room. Id. at § 2271p. And, as defined by Act 272, "debts" owed by hotel operators to the Puerto Rico Tourism Company on account of unremitted room taxes include any and all penalties, fees, surcharges, and interests imposed on the hotel operator. Id. at § 2271(17).

The room taxes assessed by the Puerto Rico Tourism Company against hotel operators are trust fund taxes with priority status under Section 507(a)(8)(C): (1) the claim is held by the Puerto Rico Tourism Company, a government entity, (2) the claim is for room tax (which, by statutory definition, includes interests and surcharges accrued), (3) the tax is owed by hotel guests, a party other than the debtor, (4) the tax must be collected and withheld by hotel operators from their hotel guests and remitted to the Puerto Rico Tourism Company, and (5) the hotel operators are liable for payment of the room taxes (interests and surcharges) owed to the Puerto Rico Tourism Company. See In re Kogut, 325 B.R. at 404-405.

Further, interests are part of the tax liability of hotel operators under Act 272 and are thus entitled to priority under Section 507(a)(8)(C) of the Bankruptcy Code. "To determine whether an obligation can qualify for the tax priority, it is necessary to determine whether the obligation owed to a governmental unit is a tax or customs duty or whether it is some other type of obligation" 4 Collier on Bankruptcy at § 507.11[i][c]. A tax has been defined as a pecuniary burden laid upon individuals or their property for the purpose of defraying the expenses of government or of undertakings authorized by it. U.S. v. CF & I Fabricators of Utah, Inc., 518 U.S. 213, 224 (1996). It is fixed by statute, can be enforced against the will of a taxpayer, and must not be a debt or a penalty. In re Boston Regional Medical Center, Inc., 265 B.R. 838, 843-844 (BAP 1st Cir. 2001). "A debt is an obligation for the payment of money founded upon contract, express or implied." Id. A "penalty is an exaction imposed by statute as a punishment for an unlawful act." CF & I Fabricators of Utah, Inc., 518 U.S. at 224.

Per Act 272's Statement of Motives, the room taxes collected by hotel operators in Puerto Rico represent a principal source of income for the Puerto Rico Tourism Company and are destined to cover the costs of promoting Puerto Rico as the primary tourist destination in the Caribbean. As such, the income generated from such room taxes is reinvested in the development of the tourism

industry in Puerto Rico. See Statement of Motives, Act 272. Aside from allowing the imposition of room taxes (calculated pursuant to the formula indicated in Section 2271o of Act 272), Act 272 authorizes the Puerto Rico Tourism Company to impose interests and surcharges on hotel operators who fail to collect and remit the room taxes in a timely fashion. 13 P.R. Laws Ann. § 2272i. Per the text of the statute, these additional charges are "part of the taxes" to be levied on hotel operators in Puerto Rico.

> Section 2272j of Act 272 states:
>
>> (a) *Interest.*— When the taxpayer does not pay the tax levied by this chapter, on or before the due date for payment, **the Company as part of the tax**, shall collect an interest on the unpaid amount, at a ten percent (10%) annual rate, from the due date of the payment until the date of the final payment.
>> (b) *Charges.*— **In every case where the imposition of interest applies pursuant to the preceding subsection (a)**, the Company may additionally collect the following charges:
>> (1) For a payment delay of thirty (30) days or less, the taxpayer may be imposed a charge equivalent to five percent (5%) of the principal.
>> (2) For a payment delay in excess of thirty (30) days, the taxpayer may be lev[ied] a charge equivalent to ten percent (10%) of the principal in addition to the allowed five percent (5%) of clause (1) of this subsection. 13 P.R. Laws Ann. § 2272j (emphasis added).

As defined above, interests under Act 272 are part of hotel operators' tax liability. First, the statute expressly states that these interests are "part of the tax". Id. Second, interests are calculated on a percentage basis (a percentage of the principal owed) and their assessment depends on the delay in payment. Id. As such, it is evident that these interests are meant to compensate for the loss suffered by the government when receiving payment for the taxes in an untimely fashion and, per Act 272's Statement of Motives, the consequent losses to the development of the tourism industry in Puerto Rico. Interests are thus part of the claim for taxes and have priority under Section 507(a)(8)(C). In re Larson, 862 F.2d 112, 119 (7th Cir. 1988) (prepetition interests are part of the underlying tax claim, these are entitled to the same priority status).

Even if the interests contemplated in Act 272 are considered "penalties", these are nonetheless meant to compensate the Puerto Rico Tourism Company for its pecuniary losses in the collection of room taxes and are thus entitled to priority under Section 507(a)(8)(G) of the Bankruptcy Code. Section 507(a)(8)(G) of the Bankruptcy Code provides that: "[t]he following expenses and claims have priority in the following order: […] (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—[…] (G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss." 11 U.S.C. § 507(a)(8)(G).

In order to qualify for priority under Section 507(a)(8)(G), the claim must (1) relate to a tax, (2) be penal in nature, and (3) be compensatory for actual pecuniary loss rather than punitive. 1 Ginsberg & Martin on Bankruptcy, Aspen Publishers at §10.09[D]. Interests under Act 272 are entitled to priority because these are compensatory in nature. Interests under Act 272 increase tax liability due to the late payment of hotel operators. Interests serve to compensate the government for its losses in connection with its inability to collect the room taxes in a timely fashion for the period of time that such room taxes remain unpaid. 4 Collier on Bankruptcy at § 507.11[8][b] (penalties are compensatory when they are intended to compensate the government for loss of use of funds for the period that the tax claim in unsatisfied). Interests under Act 272 thus serve an actual pecuniary purpose for the government and are not solely punitive. Cf. In re Hall, 191 B.R. 814, 816 (Bkrtcy.D.Alaska 1995) (if the **sole** purpose of an obligation is deterring or sanctioning certain conduct, the obligation is a penalty) (emphasis added).

Per the above, $1,113,173.47 (on account of the principal and accrued interests) of the Puerto Rico Tourism Company's claim, and not the $237,211.00 asserted by Debtor, is entitled to priority under Sections 507(a)(8)(C) and 507(a)(8)(G) of the Bankruptcy Code. And the remainder

of the Puerto Rico Tourism Company's claim of $95,316.00 for accrued surcharges must be included for payment as an general unsecured claim under the plan.

**WHEREFORE**, the Puerto Rico Tourism Company respectfully requests that the Honorable Court deny the approval of the Debtor's Disclosure Statement with such order and further relief this Honorable Court may deem proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 2nd of May, 2016.

**WE HEREBY CERTIFY**: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

s/ Giselle López Soler
Giselle López Soler
USDC No. 224010
Email gls@lopezsolerlaw.com

LAW OFFICES OF GISELLE LÓPEZ SOLER
PMB 257
Rd. 19 1353
Guaynabo, PR 00966
Tel. (787) 667-0941
