# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 15-03837(ESL) |
| THE HORNED DORSET PRIMAVERA INC<br>Debtor in Possession | CHAPTER 11 |

## MOTION AS TO ASSUMPTION OF EXECUTORY CONTRACTS

**TO THE HONORABLE COURT:**

COMES NOW, THE HORNED DORSET PRIMAVERA INC Debtor in possession, through its undersigned attorneys and very respectfully state and pray as follows:

### I. FACTUAL BACKGROUNG

1. On May 22, 2015, the Debtor filed a voluntary petition in this court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to manage and operate its business as a debtor in possession, pursuant to Section 1107 and 1108 of the Bankruptcy Code.

3. The Horned Dorset Primavera Inc. as Debtor in Possession operates and manages a hotel business and operation located in Rincon, Puerto Rico.

4. On December 2007, the Company (now debtor in possession) entered into several property management agreements with five entities and or individual who acquired by deed of sale a residence out of the seventeen residences erected upon the hotel's initial grounds, which are integrated to the hotel and are marketed and operated by the Company as hotel rooms. The initial terms were ten years with automatic renewals of two additional consecutive ten years' terms

5. The five property managements are detailed as follows:

    a) Deed number 2, dated June 23 2007, by and between the now debtor in Possession and Integrated Wellness Consultants Inc. whereby the parties have agreed to the management and operation the units known as Residential apartment # 9 at the Casa de Playa, as part of the cluster of residential units that will be maintained, managed and operated as integral part of the Resort. Said agreement is initially for a term of ten (10) years, which is automatically renewed for two additional periods of ten years. The initial term of ten years has not yet elapsed. (See Exhibit A-1)

    b) Deed number 3 dated July 31 2007 by and between the now Debtor in Possession and Mr. Robert peter Nuzzi D'Amboise and Theresa Shields whereby the parties have agreed to the management and operation of the unit known as **The Tamarindo** #5 as part of a cluster of residential units that will be maintained, managed an operated as an integral part of the Resort. Said agreement is initially for a term of ten years, which is automatically renewed for two additional periods of ten years. The initial term of ten years has not yet elapsed. (See exhibit A-2)

    c) Deed number 4 dated September 4 2007 by and between the now Debtor in Possession and Michael Rabinowitz Eldina, whereby the parties have agreed to the management and operation of the unit known as **Mesa #15** as part of a cluster of residential units that will be maintained, managed and operated as an integral part of the Resort. Said term is initially for a term of ten (10) years and which terms is automatically renewed for two additional period of ten years. The initial term has not

2

yet elapsed. (See Exhibit A- 3)

d) Deed number 5 dated September 13, 2007 by and between the now debtor in Possession and Grovas Rental Corp. whereby the parties have agreed to the management and operation of the unit known as **Escondida # 29 a**s part of a cluster of residential units that will be maintained, managed and operated an integral part of the Resort. Said agreement is initially for a term of ten years, which automatically renewed for two additional periods of ten years. The initial term of the agreement has not yet elapsed. (See exhibit A-4)

e) Deed number 79 dated October 14, 2010, by and between the now Debtor in Possession and Ms. Rocio del Carmen Mandry Pagan, whereby the parties have agreed to the management and operation of the unit known as **The Playa #14** as part of a cluster of residential units that will be maintained, managed and operated an integral part of the Resort. Said agreement is initially for a term of ten years, which automatically renewed for two additional periods of ten years. The initial term of the agreement has not yet elapsed (Exhibit A-5)

**5.** As to the remaining ten(10) residences, and pursuant to the terms of said deed of usufruct , the Debtor in Possession, The Horned Dorset Primavera as the usufructuary ( Horned Dorset Primavera) may continue to operate the hotel and restaurants business at the real property and by the deed granted the usufruct for the exclusive use of a hotel and restaurant business which is at the level of the standards of quality and image which have to date been develop by the usufructuary , over the main Administration building wherein the reception and the restaurants are located, the structure which houses the reception for the villas and the administrative offices, the laundry, the gymnasium, the access path , the swimming pools and the gardens , as well as the easements which the parcel object of the public deed granting such rights . During the duration of the usufruct originally for thirty years (30) and while the usufructuary is in possession of the usufruct properties the usufructuary shall have the sole and exclusive control of the operation of the

restaurants and the hotel and those residences which have not been sold to third parties, the management, administration and development of said business without interference from the sole legal title Owner. (See Exhibit B)

## II. REQUEST FOR AUTHORIZATION TO ASSUME EXECUTORY CONTRACT.

6. Section 365(a) of the Bankruptcy Code provides, that a debtor in possession. 'subject to the court's approval, may assume or reject any executory contract or unexpired lease of the Debtor" 11 USCA §365(a).

7. The standard to be applied by court in determining whether the assumption of an executory should be authorized is the debtor's "business judgment" that such assumption is in the estate's economic best interest. See *NLRB v. Bildisco & Bildisco*, 465 US 513. 523(1984); *In re Public Service Company of New Hampshire*, 884 F.2d. 11, 13(1srt Cir.1989) (Debtors must be afforded breathing space to decide which contracts they wish to assume"[1]) *In re Taylor*, 913 F.2d. 102 (3rd Cir 1990) *In re III Enters., Inc.* 163 BR 453,469 (Bankr. D. Pa) ('generally, a court will give great deference to a debtor's decision to assume or reject the contract. Debtor need only show that its decision to assume or reject a contract is an exercise of sound business judgment- a standard which have concluded many time is not difficult to meet."). aff. 169 BR 551 (E.D. 1994)

8. Upon finding that a debtor has exercise its sound business judgment in determining that the assumption of an executory contract is in the best interest of the estate, the court should authorize the assumption under section 3659(a) of the Bankruptcy Code.

---

[1] 11USCA 365(4)(A) grants that debtor the earlier of 120 days after the date of the order of relief or the order confirming a Plan. (thus debtor's request is within the time limits granted by the Bankruptcy Code

4

9. Debtor has determined, in its sound business judgment that the assumption of the above stated executory contracts are in the best interest of the Debtor's Estate and its reorganization efforts. The continuing use and management of the private residences subject to the Property Management an agreement, together with the rest of the Residences pursuant to the deed of usufruct is critical to Debtor's ability to emerge from Chapter 11 as a viable business and thereby repair and maintain relationship with its valuable client, guests and other creditors.

### III. TERMS AND CONDITIONS

10. The Debtor wishes to assume the Property Management Agreement with the owners of the Private Residences, subject to the terms of the document signed (See exhibits A attached and made part hereof).

11. Debtor wishes this Honorable Court to take notice of Debtor's rights under the deed of Usufruct regarding the other Residences and other property. (see exhibit B attached hereto and made part hereof)

### IV. APPLICABLE LAW

16. Bankruptcy Rule 9019 provides that a Bankruptcy Court may, after notice and hearing may authorize the Debtor to assume an executory contract

17. The present executory contract entered by the parties herein is in the best interest of Debtor and its Estate.

**WHEREFORE**, debtor in possession is respectfully requesting this Honorable Court to enter an Order granting debtor leave to assume the aforementioned executory contracts as set forth above and for any other and further relief as it may seem just and proper.

### NOTICE TO CREDITORS AND PARTIES IN INTERES

Within Fourteen **(14) days** after service as evidenced by the certification, and an additional three days (3) pursuant to Fed. R Bank P 9006(f) **if you were served by mail**, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk's office of the US Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless(i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

RESPECTFULLY SUBMITTED.
In San Juan, Puerto Rico, this 27th day of June 2016.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such to the U.S. Trustee, the debtor, and to Integrated Wellness Consultants Inc through its director Mr. Israel Arvelo Lopez, PO BOX 365043 San Juan, PR 00936-5043; to Mr. Robert Peter Nuzzi 140 Ocean Avenue, North Port. NY 11768; to Mr. Michael Rabinowitz 23 West 73 Street, Penthouse, New York City, NY 10023. To Grovas Rentals Corp. through its President Mr. Rafael Francisco Grovas Porrata, BOX 559 San German, PR 00683 and to Ms. Rocio del Carmen Mandry Pagan PO BOX 360867, San Juan )R 00936-0367

and the parties therein registered to receive notice.

**GARCÍA-ARREGUI & FULLANA PSC**
252 Ponce de León Ave. Suite 1101
Citibank Towers
San Juan, Puerto Rico 00918
Telephone: (787) 766-2530
Facsimile: (787) 756-7800
E-mail: ifullana@garciaarreguifullanalaw.com
ecapdevila@garciaarreguifullanalaw.com

/s/Isabel M. Fullana
Isabel M. Fullana
USDCPR No. 126802

/s/Eduardo J. Capdevila
Eduardo J. Capdevila
USDCPR No. 302713

*Attorneys for Debtors*