# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

THE HORNED DORSET PRIMAVERA, INC.

Debtor

Case No. 15-03837 (ESL)

CHAPTER 11

## **OPPOSITION TO MOTION FOR ENTRY OF ORDER (DOCKET NO. 252)**

TO THE HONORABLE ENRIQUE S. LAMOUTTE
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, PRCI Loan LLC ("PRCI"), through its undersigned counsel and respectfully alleges and prays:

1.      On June 27, 2016, Debtor filed a Motion As To Assumption of Executory Contracts, Docket No. 202, purporting to assume, among others, the terms and conditions of a Constitution of Usufruct ("Constitución de Usufructo") agreement, as per Deed Number 37 of July 19, 2005 before Notary Public Rafael Soto Vega ("Usufruct Agreement"), with Inmobiliaria T & C, Corp. ("ITCC"), the owner of the land upon which Debtor operates its business.

2.      On June 30, 2016, PRCI acquired from Banco Popular de Puerto Rico ("BPPR") all of ITCC's loan obligations and is the assignee of all collateral given by ITCC to BPPR, including, but not limited to, mortgages over the land upon which Debtor operates its business.

3.      Debtor's Motion As To Assumption of Executory Contracts failed to state that Debtor's usufruct rights are subject and subordinated to PRCI's mortgages. Therefore, on July 15, 2016, PRCI limitedly objected the assumption of the Usufruct Agreement without the pertinent reference that they are subject and subordinated to PRCI's mortgages. (Docket No. 216).

4. On July 19, 2016, Debtor filed a Motion to Quash PRCI's Limited Objection. (Docket No. 218).

5. While the time for PRCI to oppose Debtor's frivolous Motion To Quash was running, this Honorable Court, on July 22, 2016, set the matter of PRCI's Limited Objection for hearing on December 2, 2012. PRCI saw no need to continue to inundate the Court with pleadings when the matter is set for hearing. Cf. Rule 9014 of the Federal Rules of Bankruptcy Procedure ("No response is required under this rule [Contested Matters] unless the court directs otherwise.").

6. Also on July 22, 2016, Debtor filed an adversary Complaint against Inmobiliaria T&C, Inc., Case 16-00156, addressing squarely, *inter alia*, the same issue raised by PRCI's Limited Objection. Debtor falsely alleged that its usufruct rights, as recorded in the Registry of Property, had precedence over PRCI's mortgages. (Docket No. 221). As a result, PRCI intervened in the Adversary Case to correct Debtor's blatant misrepresentation to this Court. The matter is currently being litigated in that case where Debtor has insisted in misrepresenting to the Court the true status of the Registry as the Registrar of the Property confirmed to our office that a Registrar's certificate Debtor filed is incomplete failing to incorporate precisely the entries which show that the Registrar corrected the entries to certify that the mortgages are recorded before the usufruct. This matter will be continued to be litigated in the Adversary Case. See Docket Entries Adversary Case No. 16-00156.

7. Notwithstanding all the foregoing, on September 7, Debtor filed a Motion For Entry of Order Granting Unopposed Motion To Quash Intervention. (Docket No. 252) incongruently claiming that PRCI had failed to meet Debtor's "constitutional challenge".

8. In light of the fact that the Court set PRCI's Limited Objection for hearing, and more importantly, that the issue in this case became essentially moot in light of the filing of the Adversary Case, PRCI did not further address this matter in this case, but it is now obligated to do so by Debtor's frivolous Motion For Entry of Order.

9. Debtor not only disregards basic notions of procedural economy by filing multiple needless motions, it has also completely misconstrued the issue in this case. Strangely, Debtor claims that PRCI seeks some sort of constitutional relief. Docket No. 252 at page 2 line 7. In this case, PRCI merely wanted to clarify that any assumption of any usufruct rights by Debtor were subject to its mortgages. PRCI has every right to inform the Court of its contractual rights, particularly when Debtor purposefully did not address the issue in its original assumption motion, and later expressly misrepresented the issue in the Adversary Case. It is inconceivable that Debtor may allege to this Court that PRCI lacks standing to inform the Court of its rights when Debtor is fraudulently trying to trample them. Debtor's conduct is truly sanctionable.

**WHEREFORE**, PRCI Loan LLC respectfully requests that this Honorable Court take notice of the foregoing and deny Motion For Entry of Order Granting Unopposed Motion To Quash Intervention.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of September, 2016.

I hereby certify that on this date a true and exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the entities or persons registered in the system.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Banco Popular Center, 19th Floor
208 Ponce de León Avenue

-4-

San Juan, Puerto Rico  00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470


S/ JORGE I. PEIRATS
Jorge I. Peirats
USDC No. 201409
jpeirats@pmalaw.com

**<u>NOTICE</u>**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.